**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|   |   |   |
|---|---|---|
| In re: | : | Chapter 11 |
| PES HOLDINGS, LLC, *et al.*,[1] | : | |
| | : | Case No. 18-10122 (KG) |
| | : | (Jointly Administered) |
| Debtors | : | |

**OBJECTION OF COMMONWEALTH OF**
**PENNSYLVANIA, DEPARTMENT OF REVENUE TO**
**DEBTORS' JOINT PREPACKAGED PLAN OF REORGANIZATION**

TO THE HONORABLE KEVIN GROSS,
UNITED STATES BANKRUPTCY JUDGE:

The Commonwealth of Pennsylvania, Department of Revenue ("Commonwealth"), by and through

its attorney, Josh Shapiro, Attorney General of Pennsylvania, and his deputy, Christopher R. Momjian,

Deputy Attorney General, hereby objects to confirmation of the Debtors' Joint Prepackaged Plan of

Reorganization ("Plan"):

**Commonwealth's Claims**

**Priority Tax Claims**

1. The Commonwealth has filed a priority tax claim for liquid fuel and sales and use taxes. The

---

[1] The Debtors in these Chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, are:  PES Holdings, LLC (8157); North Yard Financing, LLC (6284); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Logistics GP, LLC (9202); PES Logistics Partners, L.P. (1288); PESRM Holdings, LLC (2107); and Philadelphia Energy Solutions Refining and Marketing LLC (9574).  The Debtors' service address is:  1735 Market Street, Philadelphia, Pennsylvania 19103.

liability arises from a pending audit of Philadelphia Energy Solutions Refining and Marketing LLC's[2] ("PESRM") business operations. In order to have a claim on file before confirmation, the Commonwealth filed its claim based on the best information it had available at the time of filing.[3]

2. While the Commonwealth's estimated claim reflects the best information available, the liability may be adjusted from the current amount of $3.8 billion after the Commonwealth has had the opportunity to examine the Debtor's records and complete its audit. The Commonwealth believes, however, the final audit may produce a substantial liability which could impact the feasibility of the Debtors' Plan.

### Post-Petition Taxes

3. The Commonwealth is not aware of any claim it possesses for post-petition taxes. However, because tax returns are filed after taxes are incurred (sometimes months later), it is possible that post-petition taxes will be owed prior to the Administrative Expense Bar Date, but will be unknown to the Commonwealth at that time.

## Objections

### Administrative Expense Taxes

4. The Plan should provide that the Debtors and the Reorganized Debtors will fully comply with Pennsylvania tax laws, including the timely filing and payment of all required post-petition tax returns. Further, the Plan should make clear that the entire amount of the Commonwealth's post-petition tax debts, including all tax, interest and penalties accrued through the date of payment, will be paid in full in

---

[2] Debtor in Case No. 18-10130.
[3] The Commonwealth's claim, in the amount of $3,810,261,382.09 appears as Claim No. 3 on the RUST Omni claims register.

one lump sum when due without the need for filing a request for payment. 11 U.S.C.A. §§ 503(b)(1)(B),(C) and (D).

**Setoff Rights of the Commonwealth**

5. Article VI of the Plan, and other Plan provisions, potentially limit the Commonwealth's setoff rights that are preserved under 11 U.S.C. § 553. Section 553 does not create setoff rights in favor of a creditor, but it does preserve those setoff rights that otherwise exist under applicable non-bankruptcy law. *Citizen's Bank of Maryland v. Strumpf*, 116 S.Ct. 286, 289 (1995). Those setoff rights – their specific requirements, applicable doctrines and all aspects of the nature of a particular right of setoff, including the waiver of such a right – is determined by non-bankruptcy law.

6. Pursuant to 11 U.S.C. § 553, setoff rights survive bankruptcy and are not affected by other sections of the Bankruptcy Code, including § 1141. *IRS v. Luongo* (In re Luongo), 259 F.3d 323 (5th Cir. 2001); *Carolco Television, Inc. v. National Broadcasting Co.* (In re De Laurentis Entertainment Group, Inc.), 963 F.2d 1269, 1276-78 (9th Cir. 1992), cert. denied, 506 U.S. 918, 113 S. Ct. 330, 121 L.Ed.2d 249 (1992); *Davidovich v. Welton* (In re Davidovich), 901 F.2d 1533, 1537 (10th Cir. 1990); *Pettibone Corp. v. United States* (In re Pettibone Corp.), 151 B.R. 960, 964 (N.D. Ill. 1993); *Womack v. United States* (In re Womack), 188 B.R. 259 (Bankr. E.D. Ark. 1995).

7. Article VI of the Plan seemingly eliminates any creditors' setoff rights unless they "file a motion with the Bankruptcy Court requesting the authority to perform such setoff on or before the Confirmation Date. . . ." The Commonwealth has asserted a reservation of setoff rights in its proof of claim. However, that document is not filed with the court but with a claims agent. This Plan objection serves as the Commonwealth's assertion of its setoff rights. See *Alta + Cast*, 2004 WL 484881 (Bankr. D. Del.) (confirmation objection sufficient to preserve setoff rights).

8. The Commonwealth is not aware of any specific setoff right it currently holds against the Debtors, but the Commonwealth should not lose this important right before such setoff right is asserted or discovered. The Debtors have included broad language throughout the Plan which allows the Debtors to retain their pre-bankruptcy rights and causes of action. This reservation of rights explicitly extends to tax refund claims, or other claims against the Commonwealth, that have not yet been asserted. If the Debtors assert such claims post confirmation, the Commonwealth is entitled to retain its statutory and common law setoff rights against such claims.

9. Any provisions of the Plan that impair setoff rights of creditors do not comply with the provisions of § 553, and cannot be confirmed, pursuant to 11 U.S.C. § 1129(a)(1).

**Broad and Expansive Releases and Injunctions**

10. The Plan has numerous and expansive releases and injunctions for non-debtor parties. The Plan also broadly declares the entire Plan a settlement under Bankruptcy Code Section 1123 and Bankruptcy Rule 9019 that is approved *ipso facto* by the confirmation of the Plan. The Commonwealth objects to these provisions because the Plan's provision of statutorily mandated treatment of priority tax claims and administrative tax expenses is not a "settlement or compromise." The Plan should be modified to exclude the Commonwealth from any such provision.

11. Article VIII of the Plan provides for releases and injunctions in language that is broader than the discharge given under Chapter 11. The Plan also expands the injunction and releases to non-debtor third parties. This is contrary to the discharge limitations in 11 U.S.C. § 524(e). *In re Applewood Chair Co.*, 203 F.3d 914 (5th Cir. 2000); *Feld v Zale Corp. (In re Zale Corp.)*, 62 F.3d 746 (5th Cir. 1995).

12. Furthermore, specific federal law prohibits such provisions in the context of state tax claims. Under the Tax Injunction Act, 28 U. S. C. § 1341:

The District Courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State.

13. An attempt to prevent the Commonwealth from pursuing a non-debtor is in violation of the Tax Injunction Act. *McCrory Corp. v. Commonwealth of Pennsylvania*, 212 B.R. 229, 231 S.D.N.Y. 1997). The following cases construing the similarly worded federal statute, the Tax Anti-Injunction Act, 26 U.S.C. § 7421(a) are similar. *In re: LaSalle Rolling Mills, Inc.*, 832 F.2d 390 (7th Cir. 1987); *In re: American Bicycle Association*, 895 F.2d 1277 (9th Cir. 1990); *In re: Heritage Village Church and Missionary Fellowship, Inc.*, 851 F.2d 104 (4th Cir. 1988); *A to Z Welding & Mfg. Co. v. I.R.S.*, 803 F.2d 932 (8th Cir. 1986).

14. Moreover, the Bankruptcy Code does not confer jurisdiction to enjoin taxing authorities from pursuing non-debtor parties. *United States v. Prescription Home Health Care, Inc.* (In re Prescription Home Health Care, Inc.), 316 F.3d 542 (5th Cir. 2002).

**Default Remedies**

15. The Plan has no remedies in the event of default in the payment of priority tax creditors. The following language has been used in numerous Chapter 11 bankruptcies as an acceptable compromise to this objection:

A failure to file a tax return or to make a payment to a tax creditor pursuant to the terms of the Plan shall be an Event of Default. If an Event of Default is not cured within ten (10) days after the sending a written notice of default from a tax creditor, then a tax creditor may (a) enforce the entire amount of its claim, (b) exercise any and all rights and remedies under applicable non-bankruptcy law, and (c) seek such relief as may be appropriate in this court.

16. Language similar to the above should be added to the Plan or confirmation order to clarify tax creditors' default remedies pursuant to 11 U.S.C. § 1123(a)(5)(g), which requires that a plan provide

adequate means for the plan's implementation, such as "curing or waiving any default."

WHEREFORE, the Commonwealth of Pennsylvania respectfully requests this Court deny confirmation and to provide such other relief to which the Commonwealth may be entitled.

Respectfully submitted,

JOSH SHAPIRO
Attorney General

DATED: <u>March 16, 2018</u>          BY:    <u>/s/ *Christopher R. Momjian*</u>
Christopher R. Momjian
Senior Deputy Attorney General
PA I.D. No. 057482
Office of Attorney General
1600 Arch Street
Philadelphia PA 19103
Tel: (215) 560-2424
E-mail: crmomjian@attorneygeneral.gov

**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|                          |   |                          |
|--------------------------|---|--------------------------|
|                          | : | Chapter 11               |
| In re:                   | : |                          |
| PES HOLDINGS, LLC, *et al*., | : |                      |
|                          | : | Case No. 18-10122 (KG)   |
|                          | : | (Jointly Administered)   |
| Debtors                  | : |                          |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a copy of the Objection of the Commonwealth of Pennsylvania, Department of Revenue to Debtors' Joint Prepackaged Plan of Reorganization, was served upon the following by First Class Mail on March 16, 2018, to:

Counsel for Debtors
**Laura Davis Jones**
Pachulski Stang Ziehl & Jones LLP
919 N. Market Street, 17th Floor
Wilmington, DE 19801

**Edward O Sassawer**
Kirkland & Ellis
601 Lexington Ave
New York, NY 10022

Office of the United States Trustee
**Richard L. Schepacarter**
Office of the United States Trustee
U. S. Department of Justice
844 King Street, Suite 2207
Lockbox #35
Wilmington, DE 198014

DATED: March 16, 2018

/s/  Christopher R. Momjian
Christopher R. Momjian
Senior Deputy Attorney General
Attorney No. 57482