## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) ) Chapter 11 |
| PES HOLDINGS, LLC, *et al.*, | ) ) Case No. 18-10122 (KG) |
| Debtors.[1] | ) ) (Jointly Administered) |

## SUMMARY COVER SHEET TO THE
## FIRST INTERIM FEE APPLICATION OF
## KATTEN MUCHIN ROSENMAN LLP, AS COUNSEL
## FOR DEBTOR PHILADELPHIA ENERGY SOLUTIONS
## REFINING AND MARKETING LLC, FOR THE PERIOD OF
## MARCH 22, 2018 THROUGH AND INCLUDING JUNE 30, 2018

Katten Muchin Rosenman LLP ("Katten" or "Applicant"), attorneys for debtor and debtor-in-possession Philadelphia Energy Solutions Refining and Marketing LLC (the "Debtor"), at the direction of the Special Committee of the Board of Managers of the Debtor (the "Special Committee"), submits this summary (the "Summary") of fees and expenses sought as actual, reasonable and necessary in the fee application to which this Summary is attached (the "Fee Application") for the period of March 22, 2018 through and including June 30, 2018 (the "Fee Period").[2]

Katten submits the Fee Application as an interim fee application in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 216] (the "Interim Compensation Order"), which permits Katten to file interim fee applications every three months.

| General Information | |
|---|---|
| Name of Applicant: | Katten Muchin Rosenman LLP |
| Authorized to provide professional services to: | Philadelphia Energy Solutions Refining and Marketing LLC, at the direction of the Special Committee of |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard Financing, LLC (6284); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Logistics GP, LLC (9202); PES Logistics Partners, L.P. (1288); PESRM Holdings, LLC (2107); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

[2] Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to them in the Fee Application.

| | the Board of Managers of Debtor |
|---|---|
| Petition Date: | January 21, 2018 |
| Date of retention: | Retention Order, entered May 14, 2018, *nunc pro tunc* to March 20, 2018 |

| **Summary of Fees and Expenses Sought in the Fee Application** | |
|---|---|
| Period for which compensation and reimbursement is sought: | March 22, 2018 through June 30, 2018 |
| Amount of compensation sought as actual, reasonable and necessary: | $ 44,277.00 |
| Amount of expense reimbursement sought as actual, reasonable and necessary: | $ 488.00 |
| Total compensation and expense reimbursement requested: | $ 44,765.00 |

| **Rate Increases Applicable to the Fee Period** | |
|---|---|
| Total amount of compensation sought for the Fee Period, calculated using rates as of the date of entry of the Retention Order: | $ 44,277.00 |

| **Summary of Past Requests for Compensation and Prior Payments** | |
|---|---|
| Total amount of compensation previously requested pursuant to the Interim Compensation Order to date: | $ 35,421.60 (80% of $44,277.00) |
| Total amount of expense reimbursement previously requested pursuant to the Interim Compensation Order to date: | $ 488.00 |
| Total amount of compensation approved pursuant to the Interim Compensation Order to date: | $ 32,875.60 |
| Total amount of expense reimbursement approved pursuant to the Interim Compensation Order to date: | $ 194.00 |
| Total allowed compensation paid to date: | $ 0.00 |
| Total allowed expenses paid to date: | $ 0.00 |

| | | |
|---|---|---|
| Compensation sought in this Fee Application already paid pursuant to the Interim Compensation Order, but not yet allowed: | $ | 32,875.60 |
| Expenses sought in this Fee Application already paid pursuant to the Interim Compensation Order, but not yet allowed: | $ | 194.00 |

[*Remainder of Page Intentionally Left Blank*]

Dated: August 17, 2018
       New York, New York

/s/ Steven J. Reisman
Steven J. Reisman (admitted *pro hac vice*)
Theresa A. Foudy (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022-2585
Telephone:     (212) 940-8800
Facsimile:     (212) 940-8776
Email:         sreisman@katten.com
               theresa.foudy@kattenlaw.com

– and –

William E. Chipman, Jr. (D.E. Bar No. 3818)
Mark D. Olivere (D.E. Bar No. 4291)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:     (302) 295-0191
Facsimile:     (302) 295-0199
Email:         chipman@chipmanbrown.com
               olivere@chipmanbrown.com

*Counsel for Debtor and Debtor-in-Possession
Philadelphia Energy Solutions Refining and
Marketing LLC*

134710096

|  |  |
|---|---|
| In re: | ) Chapter 11<br>)<br>) Case No. 18-10122 (KG)<br>) |
| PES HOLDINGS, LLC, *et al.*, | ) (Jointly Administered)<br>) |
| Debtors.[1] | ) **Objection Deadline: September 8, 2018**<br>)<br>) |

**FIRST INTERIM FEE APPLICATION OF
KATTEN MUCHIN ROSENMAN LLP, AS COUNSEL
FOR DEBTOR PHILADELPHIA ENERGY SOLUTIONS
REFINING AND MARKETING LLC, FOR THE PERIOD OF
MARCH 22, 2018 THROUGH AND INCLUDING JUNE 30, 2018**

Katten Muchin Rosenman LLP ("Katten"), attorneys for debtor and debtor-in-possession Philadelphia Energy Solutions Refining and Marketing LLC (the "Debtor"), at the direction of the Special Committee of the Board of Managers of the Debtor (the "Special Committee"), hereby submits this first interim fee application (the "Fee Application"), for allowance of (a) compensation for professional services provided in the amount of $44,277, and (b) reimbursement of actual and necessary expenses in the amount of $488 that Katten incurred for the period of March 22, 2018 through and including June 30, 2018 (the "Fee Period"). In support of this Fee Application, Katten submits the declaration of Steven J. Reisman, a partner at Katten, which is attached hereto as **Exhibit A** and incorporated herein by reference (the "Reisman Declaration"). In further support of this Fee Application, Katten respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard Financing, LLC (6284); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Logistics GP, LLC (9202); PES Logistics Partners, L.P. (1288); PESRM Holdings, LLC (2107); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

## JURISDICTION

1.     The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334.  This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2.     Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.     The bases for the relief requested herein are sections 330 and 331 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rule 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the *Order Authorizing the Retention, Employment and Substitution of Katten Muchin Rosenman LLP, and the Withdrawal of Curtis, Mallet-Prevost, Colt & Mosle LLP, as Attorneys for Debtor Philadelphia Energy Solutions Refining and Marketing LLC, Effective* Nunc Pro Tunc *to March 20, 2018* [Docket No. 436] (the "Retention Order"), a copy of which is attached hereto as **Exhibit B**, and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 216] (the "Interim Compensation Order").

## BACKGROUND

4.     On January 21, 2018 (the "Petition Date"), the Debtor and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No entity has requested the appointment of a trustee or examiner in these Chapter 11 Cases (defined below).

5.     A description of the Debtors' businesses is set forth in the *Declaration of Gregory Gatta, Chief Executive Officer of PES Holdings, LLC, in Support of Chapter 11 Petitions and First Day Motions*, filed on January 22, 2018 [Docket No. 16], and incorporated herein by reference.

6.     On January 22, 2018, the Debtors filed the *Joint Prepackaged Chapter 11 Plan of Reorganization of PES Holdings, LLC and its Debtor Affiliates* [Docket No. 9] (as modified, amended, or supplemented from time to time, the "Plan").

7.     On January 23, 2018, the Court entered the *Order (I) Directing Joint Administration of the Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 76], authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) (collectively, the "Chapter 11 Cases").

8.     On February 2, 2018, the Debtor filed the *Application of Debtor Philadelphia Energy Solutions Refining and Marketing LLC for Entry of an Order Authorizing the Retention and Employment of Curtis, Mallet-Prevost, Colt & Mosle LLP, as Attorneys for Debtor and Debtor in Possession Philadelphia Energy Solutions Refining and Marketing LLC,* Nunc Pro Tunc *to the Petition Date* [Docket No. 141] (the "Curtis Application").  The Court entered an order granting the Curtis Application on February 22, 2018 [Docket No. 189].

9.     The Debtor, at the direction of the Special Committee, selected Chipman Brown Cicero & Cole, LLP ("CBCC") as its local Delaware counsel in connection with any Conflict Matters (defined in the Retention Application).  The Court entered an Order approving the Debtor's retention of CBCC, as local counsel, on February 22, 2018 [Docket No. 188].

10.     On February 26, 2018, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these Chapter 11 Cases.

11.     On March 20, 2018, the Curtis partners responsible for the representation of the Debtor ceased to be partners at Curtis and became partners at Katten. The Special Committee chose to substitute Katten as its counsel with respect to Conflict Matters for the sake of efficiency, continuity, and stability of the representation, given the move of the attorneys who personally had been involved in the representation. The particular terms of Katten's engagement are set forth in the engagement letter by and between Katten and the Debtor, dated as of March 20, 2018 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit B-1** and incorporated herein by reference.

12.     On March 26, 2018, the Court entered the *Order Approving the Debtors' Disclosure Statement for and Confirming the First Amended Joint Prepackaged Chapter 11 Plan of Reorganization of PES Holdings, LLC and its Debtor Affiliates* [Docket No. 323] (as modified and amended from time to time, the "Confirmation Order").

13.     On April 25, 2018, the Debtor filed the *Application of Debtor Philadelphia Energy Solutions Refining and Marketing LLC for Entry of an Order Authorizing (I) the Retention, Employment and Substitution of Katten Muchin Rosenman LLP, as Attorneys for Debtor Philadelphia Energy Solutions Refining and Marketing LLC, Effective* Nunc Pro Tunc *to March 20, 2018; and (II) the Withdrawal of Curtis, Mallet-Prevost, Colt & Mosle LLP* [Docket No. 407] (the "Retention Application"). The Court entered the Retention Order granting the Retention Application on May 14, 2018.

14.     On June 22, 2018, Katten filed the *First Monthly Fee Statement of Katten Muchin Rosenman LLP for Allowance of Administrative Claim for Compensation and*

*Reimbursement of Expenses, as Counsel for Debtor Philadelphia Energy Solutions Refining and Marketing LLC, for the Period of March 22, 2018 through April 30, 2018* [Docket No. 473] (the "<u>First Monthly Fee Statement</u>"). By *Certificate of No Objection*, filed July 18, 2018 [Docket No. 490], the Debtor was authorized to pay to Katten 80% of Katten's fees and 100% of Katten's expenses, as requested in the First Monthly Fee Statement.

15.     On June 28, 2018, Katten filed the *Second Monthly Fee Statement of Katten Muchin Rosenman LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses, as Counsel for Debtor Philadelphia Energy Solutions Refining and Marketing LLC, for the Period of May 1, 2018 through May 31, 2018* [Docket No. 478] (the "<u>Second Monthly Fee Statement</u>"). By *Certificate of No Objection*, filed July 19, 2018 [Docket No. 496], the Debtor was authorized to pay to Katten 80% of Katten's fees and 100% of Katten's expenses, as requested in the Second Monthly Fee Statement.

16.     On August 7, 2018, the Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 521], which provides that the Plan became effective on August 7, 2018 (the "<u>Effective Date</u>").

17.     On August 15, 2018, Katten filed the *Third Monthly Fee Statement of Katten Muchin Rosenman LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses, as Counsel for Debtor Philadelphia Energy Solutions Refining and Marketing LLC, for the Period of June 1, 2018 through June 30, 2018* [Docket No. 531] (the "<u>Third Monthly Fee Statement</u>").

## PRELIMINARY STATEMENT

18.    During the Fee Period, Katten represented the Debtor professionally and diligently, advising the Debtor on a variety of complex matters and issues in connection with Conflict Matters and, as a result, the Debtor took action to maximize the value of its estate for the benefit of all parties-in-interest.  In particular, during the Fee Period, Katten, among other things, (a) advised the Debtor with respect to issues relating to implementing the Debtor's Plan, which this Court confirmed on March 26, 2018; (b) prepared for and participated in joint meetings of the Debtors' boards; and (c) performed other professional services as described herein with respect to Conflict Matters and in determining whether matters constitute Conflict Matters.

## CASE STATUS SUMMARY

19.    Katten's rendition of services to the Debtor, at the direction of the Special Committee, has substantially concluded.   These efforts have resulted in the Debtor achieving significant progress, including, without limitation, confirmation of the Debtors' Plan and that Plan becoming effective.

## THE DEBTOR'S RETENTION OF KATTEN

20.    On May 14, 2018, the Court entered the Retention Order, which authorizes the Debtor to compensate and reimburse Katten in accordance with the applicable provisions set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Interim Compensation Order.   The Retention Order also authorizes the Debtor to compensate Katten at Katten's hourly rates charged for services of this type and to reimburse Katten for Katten's actual and necessary out-of-pocket expenses incurred, subject to application to this Court.  The particular terms of Katten's engagement are set forth in:  (a) the Engagement Letter; and (b) the *Action by Written Consent of the Board of*

*Managers of Philadelphia Energy Solutions Refining and Marketing LLC*, dated

July 26, 2017 (the "Special Committee Resolution"), a copy of which is attached hereto as

**Exhibit B-2** and incorporated herein by reference.

21.　　The Retention Order authorizes Katten to provide the following legal

services:

> a.　　investigating and advising the Special Committee regarding whether an issue constitutes a Conflict Matter;
>
> b.　　conducting investigations and analyses sufficient to advise the Special Committee regarding Conflict Matters;
>
> c.　　taking any and all actions to negotiate, resolve and implement the directions of the Special Committee related to Conflict Matters;
>
> d.　　appearing before the Court and any appellate courts to represent the interests of the Debtor's estate with respect to Conflict Matters;
>
> e.　　communicating and meeting with parties-in-interest in connection with the Chapter 11 Cases and the foregoing; and
>
> f.　　performing all other necessary legal services for the Debtor, as related to Conflict Matters, in connection with the prosecution of these Chapter 11 Cases.

**KATTEN'S DISINTERESTEDNESS**

22.　　To the best of the Debtor's knowledge, and as disclosed in the *Declaration*

*of Steven J. Reisman in Support of the Application of Debtor Philadelphia Energy*

*Solutions Refining and Marketing LLC, for Entry of an Order Authorizing (I) the Retention,*

*Employment and Substitution of Katten Muchin Rosenman LLP, as Attorneys for Debtor*

*Philadelphia Energy Solutions Refining and Marketing LLC, Effective* Nunc Pro Tunc *to*

*March 20, 2018; and (II) the Withdrawal of Curtis, Mallet-Prevost, Colt & Mosle LLP*

[Docket No. 407-2], attached as Exhibit B to the Retention Application (the "Reisman

Declaration in Support of Retention"), (a) Katten is a "disinterested person" within the

meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the

Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate; and (b) Katten has no connection to the Debtor, its creditors, or other parties-in-interest, except as may be disclosed in the Reisman Declaration in Support of Retention.

23.     Katten may have in the past represented, may currently represent, and likely in the future will represent, parties-in-interest in connection with matters unrelated to the Debtor in these Chapter 11 Cases.  In the Reisman Declaration in Support of Retention, Katten disclosed its connections to parties-in-interest that it was able to ascertain using its reasonable efforts.

24.     Katten reviewed its files periodically during the pendency of these Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances existed or arose.

## COMPENSATION PAID AND ITS SOURCE

25.     All services for which compensation is requested herein were performed by Katten for, or on behalf of, the Debtor and its estate, at the direction of the Special Committee, and not on behalf of any committee, creditor or other entity.

26.     Other than set forth in the Retention Application, there is no proposed arrangement between the Debtors and Katten for compensation to be paid in these Chapter 11 Cases.  Further, Katten has received no payment and no promises for payment from any source other than the Debtor for services provided or to be provided in any capacity whatsoever in connection with these Chapter 11 Cases.

27.     Pursuant to Bankruptcy Rule 2016(b), Katten has neither shared nor agreed to share, with another party or person other than the partners, associates and other attorneys of Katten, (a) any compensation it has received or may receive, or (b) any compensation another person or party has received or may receive.

## COMPLIANCE WITH THE INTERIM COMPENSATION ORDER

28.     To the best of Katten's knowledge, this Fee Application complies with the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Interim Compensation Order, and Katten believes that this Fee Application also constitutes a reasonable effort to comply with the *Guidelines for Reviewing Applications for Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330 by Attorneys in Larger Chapter 11 Cases Effective as of November 1, 2013* (the "U.S. Trustee Guidelines").

29.     Katten seeks interim compensation for professional services rendered to the Debtor during the Fee Period in the amount of $44,277 and reimbursement of actual and necessary expenses incurred in connection with providing such services in the amount of $488.  The attorneys of Katten who rendered professional services in these Chapter 11 Cases during the Fee Period are as follows:   Steven J. Reisman, Theresa A. Foudy, Evan S. Borenstein, Allison E. Yager, and Kyle J. TumSuden. The paraprofessional who provided services to Katten's attorneys in these Chapter 11 Cases during the Fee Period is as follows:   Jacob Azrilyant.   During the Fee Period, Katten's attorneys and paraprofessionals expended a total of 53.70 hours for which compensation is requested.

30.     As of the date hereof, Katten has received payments totaling $70,621.50 (of which, (a) $33,069.60 was applied as payment for 80% of the fees requested, and reimbursement for 100% of the expenses incurred, by Katten in the First Monthly Fee Statement and Second Monthly Fee Statement; and (b) $37,551.90 was kept on account) for the Fee Period, pursuant to the Interim Compensation Order.  In accordance with the Interim Compensation Order, Katten has submitted monthly fee statements seeking payment of (a) 80% of the fees incurred by the Debtor for reasonable and necessary

professional services rendered by Katten, and (b) 100% of the actual and necessary costs and expenses incurred by Katten in connection with the services provided to the Debtor for each month. Accordingly, by this Fee Application, and to the extent such amounts have not been paid by the time of the hearing on this Fee Application, Katten seeks payment of the remaining $11,695.40, which includes: (a) the 20% holdback relating to the First Monthly Fee Statement and Second Monthly Fee Statement (totaling $8,218.90); and (b) 100% of the fees and expenses requested in Katten's Third Monthly Fee Statement (totaling $3,476.50), with respect to Katten's fees and expenses for reasonable and necessary professional services rendered for, or on behalf of, the Debtor, during the Fee Period.

## FEES AND EXPENSES INCURRED DURING THE FEE PERIOD

### A. Customary Billing Disclosures

31. Katten's hourly rates are set at a level designed to compensate Katten fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure used by Katten during these Chapter 11 Cases are the same as the hourly rates and corresponding rate structure that Katten uses in other restructuring matters, and are comparable to the hourly rates and corresponding rate structure that Katten uses for complex corporate, securities and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes and severe time pressures. For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit C** is a summary of the blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtor during the Fee Period.

**B.     Fees Incurred During Fee Period**

32.     In the ordinary course of Katten's practice, Katten maintains computerized records of the time expended to render the professional services required by the Debtor in these Chapter 11 Cases, and for which compensation is sought.

33.     For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit D** is a summary of the fees incurred and hours expended by Katten during the Fee Period, which includes the following information:

        a.    the name of each attorney and paraprofessional for whose work on these Chapter 11 Cases compensation is sought;

        b.    the amount of time expended and fees billed by each such attorney and paraprofessional during the Fee Period;

        c.    the aggregate amount of time expended and fees billed by such attorneys and paraprofessionals during the Fee Period;

        d.    the hourly billing rate for each such attorney and paraprofessional at Katten's current billing rates;

        e.    the number of rate increases since the commencement of these Chapter 11 Cases; and

        f.    a calculation of total compensation requested using the rates disclosed in the Retention Application.

**C.     Expenses Incurred During Fee Period**

34.     In the ordinary course of Katten's practice, Katten maintains computerized records of expenses incurred in the rendition of the professional services required by the Debtor in these Chapter 11 Cases, and for which reimbursement is sought.

35.     For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit E** is a summary of the expenses incurred by Katten during the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which Katten is seeking reimbursement.

**SUMMARY OF LEGAL SERVICES RENDERED DURING THE FEE PERIOD**

36.     During the Fee Period, Katten's attorneys and paraprofessionals expended a total of 53.70 hours in providing professional services to the Debtor.

37.     The following paragraph provides a brief summary of the professional services rendered by Katten during the Fee Period.  The detailed description demonstrates that Katten performed certain services for the Debtor with respect to the Conflict Matters in these Chapter 11 Cases.

**(A)     Restructuring**

Total Fees:          $ 44,277.00
Total Hours:             53.70

This includes time spent by Katten attorneys and paraprofessionals providing a variety of services for, or on behalf of, the Debtor, including, without limitation, (a) general restructuring services related to (i) proposing, prosecuting and reviewing the Debtors' disclosure statement and Plan, and (ii) taking all actions necessary to ensure that certain conditions to the Plan becoming effective have been satisfied in advance of applicable deadlines;  (b) general corporate governance services related to preparing for and participating in Debtors' joint board meetings, (c) general case administration services related to (i) filing documents with the Court and overseeing the service thereof, (ii) maintaining case calendars, (iii) attending and participating in hearings before the Court, (iv) attending and participating general status calls and meetings with the Debtor, the Special Committee and other parties-in-interest, and (v) periodically reviewing the docket for these Chapter 11 Cases for filings and issues relevant to the Debtor and its estate; (d) services related to the retention and compensation of Katten, including (i) preparing and filing the Retention Application, (ii) preparing and filing monthly fee statements and this Fee Application, (iii) attending to billing activities, and (iv) ensuring

compliance with timekeeping guidelines, U.S. Trustee Guidelines, the Interim Compensation Order, and applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and (e) with respect to the services listed in clauses (a) through (c), solely with respect to Conflict Matters.

38.     A more detailed schedule setting forth a description of the services performed by Katten during the Fee Period, including (a) the number of hours expended by Katten's partners, associates and paraprofessionals, and (b) the aggregate fees, is attached hereto as **Exhibit F**.

39.     In addition, attached hereto as **Exhibit G** is Katten's budget and staffing plan for the Fee Period, which has been approved by the Debtor.  Furthermore, attached hereto as **Exhibit H** is a summary comparison of hours and fees budgeted for the professional services to which Katten professionals and paraprofessionals billed time during the Fee Period, against the hours and fees for which Katten seeks compensation for the Fee Period.

40.     Katten's computerized records of time expended providing professional services for, or on behalf of, the Debtor, plus Katten's records of expenses incurred in connection with its rendition of professional services for, or on behalf of, the Debtor, with respect to the Fee Period, are attached hereto as **Exhibit I**.

### REASONABLE AND NECESSARY SERVICES PROVIDED BY KATTEN

**A.      Reasonable and Necessary Fees Incurred in Providing Services to the Debtor, at the Direction of the Special Committee, During the Fee Period**

41.     The foregoing professional services rendered by Katten for, or on behalf of, the Debtor during the Fee Period were reasonable, necessary and appropriate to the administration of these Chapter 11 Cases and related matters.

13

42.     Many of the services performed with respect to the Conflict Matters were provided by Katten's Insolvency and Restructuring Group.  Katten has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of distressed companies.  The attorneys at Katten who provided professional services to the Debtor in these Chapter 11 Cases have represented debtors, creditors' committees, or have acted as special counsel in many large chapter 11 cases.

43.     The circumstances of these Chapter 11 Cases required Katten attorneys and paraprofessionals to perform services for, or on behalf of, the Debtor with respect to the Conflict Matters on tight time constraints.  Katten diligently rendered these services to (a) meet such constraints, (b) respond to inquiries from various parties-in-interest on a timely basis, and (c) satisfy the demands of the Debtor's business to ensure the orderly administration of these Chapter 11 Cases.

**B.      Reasonable and Necessary Expenses Incurred in Providing Services to the Debtor**

44.     The actual expenses incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Debtor in these Chapter 11 Cases.

**<u>KATTEN'S REQUESTED FEES AND EXPENSES SHOULD BE ALLOWED</u>**

45.     Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 of the Bankruptcy Code to govern the Court's award of such compensation.

46.     Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable

compensation for actual, necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1).

47.     Section 330 also sets forth the criteria for the award of such compensation and reimbursement:

> In determining the amount of reasonable compensation to be awarded, the court should consider the nature, extent, and the value of such services, taking into account all relevant factors, including —
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
>
> (d)     whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed; and
>
> (e)     whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

48.     Katten respectfully submits that the services for which it seeks compensation in this Fee Application were necessary and appropriate, given the complexity of these Chapter 11 Cases, the time expended by Katten, the nature and extent of services provided by Katten, the value of Katten's services, and the cost of comparable services other than in a case under this title.  Accordingly, Katten respectfully submits that the approval of the compensation sought herein is warranted and should be approved.

## RESERVATION OF RIGHTS

49.     It is possible that some professional time expended or expenses incurred during the Fee Period are not reflected in this Fee Application.  Katten reserves the right to include such amounts in future fee applications.

## NOTICE

50.     The Debtor shall provide notice of this Fee Application on the date hereof to:  (a) the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Wilmington, Delaware 19801; (b) all entities that comprise the Application Recipients, as defined in the Interim Compensation Order; (c) all entities with a particularized interest in the subject matter of the Fee Application; and (d) any person or party that has filed a notice of appearance with the Clerk of this Court and requested notice of pleadings in these Chapter 11 Cases pursuant to Bankruptcy Rule 2002.

51.     Pursuant to the Interim Compensation Order, any person or party that wishes to object to the Fee Application, must file a written objection with the Court, with a copy to Chambers, and serve it on Katten and the persons and parties identified in the foregoing   paragraph,   so   that   the   written   objection   is   actually   received **on or before September 8, 2018**, or such shorter time as the Court may hereafter order and of which you may receive subsequent notice (the "Objection Deadline").

## NO PRIOR REQUEST

52.     No prior application for the relief requested herein has been made to this or any other court.

*[Remainder of Page Left Intentionally Blank]*

WHEREFORE, Katten respectfully requests that the Court enter an order (a) awarding Katten interim (i) compensation for professional and paraprofessional services provided during the Fee Period in the amount of $44,277, and (ii) reimbursement for actual, reasonable and necessary expenses incurred in the Fee Period in the amount of $488; (b) authorizing and directing the Debtor to remit payment to Katten for such fees and expenses; and (c) granting such other relief as this Court may deem just and proper.

Dated:  August 17, 2018
       New York, New York

/s/  Steven J. Reisman
Steven J. Reisman (admitted *pro hac vice*)
Theresa A. Foudy (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022-2585
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8776
Email:    sreisman@katten.com
    theresa.foudy@kattenlaw.com

– and –

William E. Chipman, Jr. (D.E. Bar No. 3818)
Mark D. Olivere (D.E. Bar No. 4291)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Facsimile:    (302) 295-0199
Email:    chipman@chipmanbrown.com
    olivere@chipmanbrown.com

*Counsel for Debtor and Debtor-in-Possession*
*Philadelphia Energy Solutions Refining and*
*Marketing LLC*

134710096