**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PES HOLDINGS, LLC, *et al.*, | ) Case No. 18-10122 (KG) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

**SUMMARY COVER SHEET TO FINAL APPLICATION**
**OF KATTEN MUCHIN ROSENMAN LLP, AS COUNSEL FOR DEBTOR**
**PHILADELPHIA ENERGY SOLUTIONS REFINING AND MARKETING LLC,**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES FOR THE**
**PERIOD OF MARCH 22, 2018 THROUGH AND INCLUDING AUGUST 7, 2018**

Katten Muchin Rosenman LLP ("Katten" or "Applicant"), attorneys for debtor and debtor-in-possession Philadelphia Energy Solutions Refining and Marketing LLC (the "Debtor"), at the direction of the Special Committee of the Board of Managers of the Debtor (the "Special Committee"), submits this summary (the "Summary") of fees and expenses sought as actual, reasonable and necessary in the final fee application to which this Summary is attached (the "Final Fee Application"), for the period of March 22, 2018 through and including August 7, 2018 (the "Fee Period").[2]

Katten submits the Final Fee Application as a final fee application in accordance with the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 216] (the "Interim Compensation Order").

| General Information | |
|---|---|
| Name of Applicant: | Katten Muchin Rosenman LLP |
| Authorized to Provide Professional Services to: | Philadelphia Energy Solutions Refining and Marketing LLC, at the direction of the Special Committee of the Board of Managers of Debtor |
| Petition Date: | January 21, 2018 |
| Date of Order Authorizing Employment: | Retention Order, entered |

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard Financing, LLC (6284); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Logistics GP, LLC (9202); PES Logistics Partners, L.P. (1288); PESRM Holdings, LLC (2107); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

[2] Capitalized terms used but not otherwise defined in this Summary shall have the meanings ascribed to them in the Final Fee Application.

| | May 14, 2018, *nunc pro tunc* to March 20, 2018 [Docket No. 436] |
|---|---|
| **Summary of Fees and Expenses Sought in the Final Fee Application** | |
| Period for Which Compensation and Reimbursement is Sought: | March 22, 2018 through August 7, 2018 |
| Amount of Final Compensation Sought as Actual, Reasonable and Necessary: | $ 75,754.50 |
| Amount of Final Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 488.00 |

**This is a(n) _____ Monthly _____ Interim __X__ Final Fee Application.**

**Prior Applications:**

| Prior Interim Fee Applications | | Requested | | Approved | |
|---|---|---|---|---|---|
| **Date Filed** | **Interim Fee Period Covered** | **Fees** | **Expenses** | **Fees** | **Expenses** |
| 8/17/2018 [Docket No. 537] | First Interim Fee Period (3/22/2018 – 6/30/2018) | $ 44,277.00 | $ 488.00 | $ 0.00 | $ 0.00 |

**Additional Information Required Pursuant to the U.S. Trustee Guidelines:**

| Additional Information Required Pursuant to the U.S. Trustee Guidelines | |
|---|---|
| Blended Rate in this Final Fee Application for All Attorneys: | $ 807.00 |
| Blended Rate in this Final Fee Application for All Timekeepers: | $ 804.00 |
| Compensation Sought in this Final Fee Application Already Paid Pursuant to an Order Approving Katten's First Interim Fee Application: | $ 0.00 |
| Expenses Sought in this Final Fee Application Already Paid Pursuant to an Order Approving Katten's First Interim Fee Application: | $ 0.00 |

| Number of Professionals[3] Included in this Final Fee Application: | | 6 |
|---|---|---|
| If Applicable, Number of Professionals in this Final Fee Application Not Included in a Staffing Plan Approved by the Debtor: | | N/A |
| If Applicable, the Difference Between Fees Budgeted and Compensation Sought for this Fee Period: | $ | 4,245.50 |
| Any Rates Higher than Those Approved or Disclosed at Retention? | | No |

The total time expended in connection with the preparation of this Final Fee Application is not included herein.

*[Remainder of Page Intentionally Left Blank]*

---

[3] As used herein, the term "professionals" includes all timekeepers.

Dated: September 20, 2018
      New York, New York

/s/ Steven J. Reisman

Steven J. Reisman (admitted *pro hac vice*)
Theresa A. Foudy (admitted *pro hac vice*)
**KATTEN MUCHIN ROSENMAN LLP**
575 Madison Avenue
New York, NY 10022-2585
Telephone:    (212) 940-8800
Facsimile:    (212) 940-8776
Email:    sreisman@katten.com
    theresa.foudy@kattenlaw.com

– and –

William E. Chipman, Jr. (D.E. Bar No. 3818)
Mark D. Olivere (D.E. Bar No. 4291)
**CHIPMAN BROWN CICERO & COLE, LLP**
Hercules Plaza
1313 North Market Street, Suite 5400
Wilmington, Delaware 19801
Telephone:    (302) 295-0191
Facsimile:    (302) 295-0199
Email:    chipman@chipmanbrown.com
    olivere@chipmanbrown.com

*Counsel for Debtor and Debtor-in-Possession*
*Philadelphia Energy Solutions Refining and*
*Marketing LLC*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| PES HOLDINGS, LLC, *et al.*, | ) Case No. 18-10122 (KG) |
| | ) |
| Debtors.[1] | ) (Jointly Administered) |
| | ) |

**FINAL APPLICATION OF KATTEN MUCHIN ROSENMAN LLP,**
**AS COUNSEL FOR DEBTOR PHILADELPHIA ENERGY SOLUTIONS**
**REFINING AND MARKETING LLC, FOR COMPENSATION AND**
**REIMBURSEMENT OF EXPENSES FOR THE PERIOD OF**
**MARCH 22, 2018 THROUGH AND INCLUDING AUGUST 7, 2018**

Katten Muchin Rosenman LLP ("Katten"), attorneys for debtor and debtor-in-possession Philadelphia Energy Solutions Refining and Marketing LLC (the "Debtor"), at the direction of the Special Committee of the Board of Managers of the Debtor (the "Special Committee"), hereby submits this final application (the "Final Fee Application"), for the allowance and award of (a) compensation for professional services provided in the amount of $75,754.50, and (b) reimbursement of actual and necessary expenses in the amount of $488.00, that Katten incurred for the period of March 22, 2018 through and including August 7, 2018 (the "Fee Period"). In support of this Final Fee Application, Katten submits the declaration of Steven J. Reisman, a partner at Katten, which is attached hereto as **Exhibit A** and incorporated herein by reference (the "Reisman Declaration"). In further support of this Final Fee Application, Katten respectfully states as follows:

---

[1] The Debtors in these Chapter 11 Cases, along with the last four digits of each debtor's federal tax identification number, are: PES Holdings, LLC (8157); North Yard Financing, LLC (6284); North Yard GP, LLC (5458); North Yard Logistics, L.P. (5952); PES Administrative Services, LLC (3022); PES Logistics GP, LLC (9202); PES Logistics Partners, L.P. (1288); PESRM Holdings, LLC (2107); and Philadelphia Energy Solutions Refining and Marketing LLC (9574). The Debtors' service address is: 1735 Market Street, Philadelphia, Pennsylvania 19103.

## JURISDICTION

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The bases for the relief requested herein are sections 330 of title 11 of the United States Code (the "Bankruptcy Code"), rule 2016 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), rules 2016-1 and 2016-2 of the Local Rules of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the *Order Authorizing the Retention, Employment and Substitution of Katten Muchin Rosenman LLP, and the Withdrawal of Curtis, Mallet-Prevost, Colt & Mosle LLP, as Attorneys for Debtor Philadelphia Energy Solutions Refining and Marketing LLC, Effective* Nunc Pro Tunc *to March 20, 2018* [Docket No. 436] (the "Retention Order"), a copy of which is attached hereto as **Exhibit B**, and the *Order (I) Establishing Procedures for Interim Compensation and Reimbursement of Expenses for Retained Professionals and (II) Granting Related Relief* [Docket No. 216] (the "Interim Compensation Order").

## BACKGROUND

### A. Background of the Debtors' Chapter 11 Cases

4. On January 21, 2018 (the "Petition Date"), the Debtor and its affiliated debtors and debtors-in-possession (collectively, the "Debtors") each filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The Debtors are operating their businesses and managing their properties as debtors-in-possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No entity has requested the appointment of a trustee or examiner in these Chapter 11 Cases (defined below).

2

5.　　　A description of the Debtors' businesses is set forth in the *Declaration of Gregory Gatta, Chief Executive Officer of PES Holdings, LLC, in Support of Chapter 11 Petitions and First Day Motions*, filed on January 22, 2018 [Docket No. 16], and incorporated herein by reference.

6.　　　On January 22, 2018, the Debtors filed the *Joint Prepackaged Chapter 11 Plan of Reorganization of PES Holdings, LLC and its Debtor Affiliates* [Docket No. 9] (as modified, amended, or supplemented from time to time, the "Plan").

7.　　　On January 23, 2018, the Court entered the *Order (I) Directing Joint Administration of the Chapter 11 Cases and (II) Granting Related Relief* [Docket No. 76], authorizing the joint administration and procedural consolidation of the Debtors' chapter 11 cases pursuant to Bankruptcy Rule 1015(b) (collectively, the "Chapter 11 Cases").

8.　　　On February 26, 2018, the Court entered the Interim Compensation Order, which sets forth the procedures for interim compensation and reimbursement of expenses for all professionals in these Chapter 11 Cases.

9.　　　On April 2, 2018, the Court entered the *Order (Corrected) Approving the Debtors' Disclosure Statement for and Confirming the Second Amended Joint Prepackaged Chapter 11 Plan of Reorganization of PES Holdings, LLC and its Debtor Affiliates* [Docket No. 357] (as modified and amended from time to time, the "Confirmation Order").

10.　　　On August 7, 2018, the Debtors filed the *Notice of (I) Entry of Confirmation Order, (II) Occurrence of Effective Date, and (III) Related Bar Dates* [Docket No. 521], which provides that the Plan became effective on August 7, 2018 (the "Effective Date").

**B.      The Debtor's Retention of Katten**

11.      On February 2, 2018, the Debtor filed the *Application of Debtor Philadelphia Energy Solutions Refining and Marketing LLC for Entry of an Order Authorizing the Retention and Employment of Curtis, Mallet-Prevost, Colt & Mosle LLP, as Attorneys for Debtor and Debtor in Possession Philadelphia Energy Solutions Refining and Marketing LLC,* Nunc Pro Tunc *to the Petition Date* [Docket No. 141] (the "Curtis Retention Application").   The Court entered an order granting the Curtis Retention Application on February 22, 2018 [Docket No. 189].

12.      The Debtor, at the direction of the Special Committee, selected Chipman Brown Cicero & Cole, LLP ("CBCC") as its local Delaware counsel in connection with any "Conflict Matters" (as such term is defined in the Retention Application).   The Court entered an Order approving the Debtor's retention of CBCC, as local counsel, on February 22, 2018 [Docket No. 188].

13.      On March 20, 2018, the partners of Curtis, Mallet-Prevost, Colt & Mosle LLP ("Curtis") responsible for the representation of the Debtor ceased to be partners at Curtis and became partners at Katten.   The Special Committee chose to substitute Katten as its counsel with respect to Conflict Matters for the sake of efficiency, continuity and stability of the representation, considering the move of the attorneys who personally had been involved in the representation.   The particular terms of Katten's engagement are set forth in the engagement letter by and between Katten and the Debtor, dated as of March 20, 2018 (the "Engagement Letter"), a copy of which is attached hereto as **Exhibit 1** to the Retention Order and incorporated herein by reference.

14.      On April 25, 2018, the Debtor filed the *Application of Debtor Philadelphia Energy Solutions Refining and Marketing LLC for Entry of an Order Authorizing*

*(I) the Retention, Employment and Substitution of Katten Muchin Rosenman LLP, as Attorneys for Debtor Philadelphia Energy Solutions Refining and Marketing LLC, Effective* Nunc Pro Tunc *to March 20, 2018; and (II) the Withdrawal of Curtis, Mallet-Prevost, Colt & Mosle LLP* [Docket No. 407] (the "Retention Application"). The Court entered the Retention Order granting the Retention Application on May 14, 2018 [Docket No. 436].

15.     The Retention Order authorizes the Debtor to compensate and reimburse Katten in accordance with the applicable provisions set forth in the Bankruptcy Code, the Bankruptcy Rules, the Local Rules and the Interim Compensation Order. The Retention Order also authorizes the Debtor to compensate Katten at Katten's hourly rates charged for services of this type and to reimburse Katten for Katten's actual and necessary out of pocket expenses incurred, subject to application to this Court. The particular terms of Katten's engagement are set forth in: (a) the Retention Order; (b) the Engagement Letter; and (c) the *Action by Written Consent of the Board of Managers of Philadelphia Energy Solutions Refining and Marketing LLC*, dated July 26, 2017 (the "Special Committee Resolution"), a copy of which is attached hereto as **Exhibit 2** to the Retention Order and incorporated herein by reference.

16.     Further, the Retention Order authorizes Katten to provide the following services:

> a.      Investigating and advising the Special Committee regarding whether an issue constitutes a Conflict Matter;
>
> b.      Conducting investigations and analyses sufficient to advise the Special Committee regarding Conflict Matters;
>
> c.      Taking any and all actions to negotiate, resolve and implement the directions of the Special Committee related to Conflict Matters;

<blockquote>

d. Appearing before the Court and any appellate courts to represent the interests of the Debtor's estate with respect to Conflict Matters;

e. Communicating and meeting with parties-in-interest in connection with the Chapter 11 Cases and the foregoing; and

f. Performing all other necessary legal services for the Debtor, as related to Conflict Matters, in connection with the prosecution of these Chapter 11 Cases.

</blockquote>

**C. Disinterestedness of Katten**

17. To the best of Debtor's knowledge, and as disclosed in the *Declaration of Steven J. Reisman in Support of the Application of Debtor Philadelphia Energy Solutions Refining and Marketing LLC, for Entry of an Order Authorizing (I) the Retention, Employment and Substitution of Katten Muchin Rosenman LLP, as Attorneys for Debtor Philadelphia Energy Solutions Refining and Marketing LLC, Effective Nunc Pro Tunc to March 20, 2018; and (II) the Withdrawal of Curtis, Mallet-Prevost, Colt & Mosle LLP* [Docket No. 407-2], attached as Exhibit B to the Retention Application (the "Reisman Declaration in Support of Retention"), (a) Katten is a "disinterested person" within the meaning of section 101(14) of the Bankruptcy Code, as required by section 327(a) of the Bankruptcy Code, and does not hold or represent an interest adverse to the Debtor's estate; and (b) Katten has no connection to the Debtor, its creditors, or other parties-in-interest, except as may be disclosed in the Reisman Declaration in Support of Retention.

18. Katten may have in the past represented, may currently represent, and likely in the future will represent, parties-in-interest in connection with matters unrelated to the Debtor in these Chapter 11 Cases. In the Reisman Declaration in Support of Retention, Katten disclosed its connections to parties-in-interest that it was able to ascertain using its reasonable efforts. Katten reviewed its files periodically during the pendency of these

Chapter 11 Cases to ensure that no conflicts or other disqualifying circumstances existed or arose.

19. Katten performed the services for which it is seeking compensation on behalf of the Debtor and its estate, at the direction of the Special Committee, and not on behalf of any committee, creditor or other entity.

20. Except to the extent set forth in the Retention Application, there is no proposed arrangement between the Debtors and Katten for compensation to be paid in these Chapter 11 Cases. Further, Katten has received no payment and no promises for payment from any source other than the Debtor for services provided or to be provided in any capacity whatsoever in connection with these Chapter 11 Cases.

21. Pursuant to Bankruptcy Rule 2016(b), Katten has not shared, nor has Katten agreed to share, with another party or person other than with the partners, counsel, and associates of Katten (a) any compensation it has received or may receive or (b) any compensation another person or party has received or may receive.

**D. Summary of Compliance with Interim Compensation Order**

22. To the best of Debtor's and Katten's knowledge, this Final Fee Application has been prepared in accordance with the Interim Compensation Order.

23. On June 22, 2018, Katten filed the *First Monthly Fee Statement of Katten Muchin Rosenman LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses, as Counsel for Debtor Philadelphia Energy Solutions Refining and Marketing LLC, for the Period of March 22, 2018 through April 30, 2018* [Docket No. 473] (the "First Monthly Fee Statement"). By *Certificate of No Objection*, filed July 18, 2018 [Docket No. 490], the Debtor was authorized to pay to Katten 80% of

Katten's fees and 100% of Katten's expenses, as requested in the First Monthly Fee Statement.

24.     On June 28, 2018, Katten filed the *Second Monthly Fee Statement of Katten Muchin Rosenman LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses, as Counsel for Debtor Philadelphia Energy Solutions Refining and Marketing LLC, for the Period of May 1, 2018 through May 31, 2018* [Docket No. 478] (the "Second Monthly Fee Statement").  By *Certificate of No Objection*, filed July 19, 2018 [Docket No. 496], the Debtor was authorized to pay to Katten 80% of Katten's fees and 100% of Katten's expenses, as requested in the Second Monthly Fee Statement.

25.     On August 15, 2018, Katten filed the *Third Monthly Fee Statement of Katten Muchin Rosenman LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses, as Counsel for Debtor Philadelphia Energy Solutions Refining and Marketing LLC, for the Period of June 1, 2018 through June 30, 2018* [Docket No. 531] (the "Third Monthly Fee Statement").  By *Certificate of No Objection*, filed September 10, 2018 [Docket No. 549], the Debtor was authorized to pay to Katten 80% of Katten's fees and 100% of Katten's expenses, as requested in the Third Monthly Fee Statement.

26.     On August 17, 2018, Katten filed the *First Interim Fee Application of Katten Muchin Rosenman LLP, as counsel for Debtor Philadelphia Energy Solutions Refining and Marketing LLC, for the Period of March 22, 2018 through and including June 30, 2018* [Docket No. 537] (the "First Interim Fee Application").  As of the date hereof, the Court has not yet entered an order granting the First Interim Fee Application.

27.     On September 18, 2018, Katten filed the *Fourth Monthly Fee Statement of Katten Muchin Rosenman LLP for Allowance of Administrative Claim for Compensation and Reimbursement of Expenses, as Counsel for Debtor Philadelphia Energy Solutions Refining and Marketing LLC, for the Period of July 1, 2018 through August 7, 2018* [Docket No. 555] (the "<u>Fourth Monthly Fee Statement</u>" and, together with the First Monthly Fee Statement, Second Monthly Fee Statement, and Third Monthly Fee Statement, the "<u>Monthly Fee Statements</u>").  The deadline to object to the Fourth Monthly Fee Statement is 4:00 p.m. (*prevailing* Eastern Time) on October 9, 2018, and, as such, as of the date hereof, the Debtor has not been authorized to pay to Katten 80% of Katten's fees and 100% of Katten's expenses, as requested in the Fourth Monthly Fee Statement.

28.     As of the date hereof, Katten has received payments totaling $70,621.50 (of which, (a) $41,288.50 was applied as payment for 80% of the fees requested and reimbursement for 100% of the expenses incurred, by Katten in the First Monthly Fee Statement, Second Monthly Fee Statement, and Third Monthly Fee Statement; and (b) $29,333.00 was kept on account) for the Fee Period, pursuant to the Interim Compensation Order.

<b><u>RELIEF REQUESTED</u></b>

29.     By this Final Fee Application, Katten respectfully requests that the Court approve on a final basis the allowance and award of (a) compensation in the amount of $75,754.50 for professional services rendered by Katten, at the direction of the Special Committee, to or for the benefit of the Debtor during the Fee Period, representing 94.20 hours in professional and paraprofessional time for such services; and (b) reimbursement of actual and necessary expenses in the amount of $488.00 for expenses incurred by Katten during the Fee Period.  Katten seeks the final allowance of such fees and expenses, as well

as this Court's authorization for payment of such amounts by Debtor, less any amounts paid to Katten prior to Debtor's payment thereof.

**FEES AND EXPENSES INCURRED DURING THE FEE PERIOD**

A.      **Customary Billing Disclosures**

30.      Katten's hourly rates are set at a level designed to compensate Katten fairly for the work of its attorneys and paraprofessionals and to cover fixed and routine expenses. The hourly rates and corresponding rate structure used by Katten during these Chapter 11 Cases are the same as the hourly rates and corresponding rate structure that Katten uses in other restructuring matters, and are comparable to the hourly rates and corresponding rate structure that Katten uses for complex corporate, securities and litigation matters, whether in court or otherwise, regardless of whether a fee application is required. These rates and the rate structure reflect that such restructuring and other complex matters typically are national in scope and involve great complexity, high stakes and severe time pressures.

31.      For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit C** is a summary of the blended hourly rates for timekeepers who billed to non-bankruptcy matters and blended hourly rates for timekeepers who billed to the Debtor during the Fee Period.

B.      **Fees Incurred During Fee Period**

32.      In the ordinary course of Katten's practice, Katten maintains computerized records of the time expended to render the professional services required by the Debtor in these Chapter 11 Cases, and for which compensation is sought.

33.      For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit D** is a summary of the fees incurred and hours expended by Katten during the Fee Period, which includes the following information:

a.　　The name of each attorney and paraprofessional for whose work on these Chapter 11 Cases compensation is sought;

　　　　b.　　The amount of time expended and fees billed by each such attorney and paraprofessional during the Fee Period;

　　　　c.　　The aggregate amount of time expended and fees billed by such attorneys and paraprofessionals during the Fee Period;

　　　　d.　　The hourly billing rate for each such attorney and paraprofessional at Katten's current billing rates;

　　　　e.　　The number of rate increases since the commencement of these Chapter 11 Cases; and

　　　　f.　　A calculation of total compensation requested using the rates disclosed in the Retention Application.

**C.**　　**Expenses Incurred During Fee Period**

34.　　In the ordinary course of Katten's practice, Katten maintains computerized records of expenses incurred in the rendition of the professional services required by the Debtor in these Chapter 11 Cases, and for which reimbursement is sought.

35.　　For the convenience of the Court and all parties-in-interest, attached hereto as **Exhibit E** is a summary of the expenses incurred by Katten during the Fee Period, setting forth the total amount of reimbursement sought with respect to each category of expenses for which Katten is seeking reimbursement.

## SUMMARY OF PROFESSIONAL SERVICES RENDERED

36.　　As discussed above, during the Fee Period, Katten provided important professional services to the Debtor with respect to the Conflict Matters, in connection with the Debtors' Chapter 11 Cases.

37.　　The following paragraph provides a brief summary of the professional services rendered by Katten during the Fee Period. The detailed description demonstrates

that Katten performed certain services for the Debtor with respect to the Conflict Matters in these Chapter 11 Cases.

### (A)    PES Bankruptcy

Total Fees:         $ 75,754.50
Total Hours:              94.20

This includes time spent by Katten attorneys and paraprofessionals providing a variety of services for, or on behalf of, the Debtor, including, without limitation, (a) general restructuring services related to (i) proposing, prosecuting and reviewing the Debtors' disclosure statement and Plan, and (ii) taking all actions necessary to ensure that certain conditions to the Plan becoming effective have been satisfied in advance of applicable deadlines; (b) general corporate governance services related to preparing for and participating in Debtors' joint board meetings, (c) general case administration services related to (i) filing documents with the Court and overseeing the service thereof, (ii) maintaining case calendars, (iii) attending and participating in hearings before the Court, (iv) attending, and participating in, general status calls and meetings with the Debtor, the Special Committee and other parties-in-interest, and (v) periodically reviewing the docket for these Chapter 11 Cases for filings and issues relevant to the Debtor and its estate; (d) services related to the retention and compensation of Katten, including (i) preparing and filing the Retention Application, (ii) preparing and filing the Monthly Fee Statements and the First Interim Fee Application, (iii) attending to billing activities, and (iv) ensuring compliance with timekeeping guidelines, U.S. Trustee Guidelines, the Interim Compensation Order, and applicable provisions of the Bankruptcy Code, the Bankruptcy Rules and the Local Rules; and (e) with respect to the services listed in clauses (a) through (c), solely with respect to Conflict Matters.

38.     A more detailed schedule setting forth a description of the services performed by Katten during the Fee Period, including (a) the number of hours expended by Katten's partners, associates and paraprofessionals, and (b) the aggregate fees, is attached hereto as **Exhibit F**.

39.     In addition, attached hereto as **Exhibit G** is Katten's budget and staffing plan for the Fee Period, which has been approved by the Debtor.  Furthermore, attached hereto as **Exhibit H** is a summary comparison of hours and fees budgeted for the professional services to which Katten professionals and paraprofessionals billed time during the Fee Period, against the hours and fees for which Katten seeks compensation for the Fee Period.

40.     Katten's computerized records of time expended providing professional services for, or on behalf of, the Debtor, plus Katten's records of expenses incurred in connection with its rendition of professional services for, or on behalf of, the Debtor, with respect to the Fee Period, are attached hereto as **Exhibit I**.

## ACTUAL AND NECESSARY EXPENSES INCURRED BY KATTEN

41.     As set forth in **Exhibit I**, and as summarized in **Exhibit E**, Katten has incurred a total of $488.00 in expenses on behalf of the Debtor during the Fee Period. These charges are intended to reimburse Katten's direct operating costs, which are not otherwise incorporated into Katten's hourly billing rates.


*[Remainder of Page Intentionally Left Blank]*

## REASONABLE AND NECESSARY SERVICES PROVIDED BY KATTEN

**A.** **Reasonable and Necessary Fees Incurred by Katten in Providing Services to the Debtor, at the Direction of the Special Committee, During the Fee Period**

42.     The foregoing professional services rendered by Katten for, or on behalf of, the Debtor during the Fee Period were reasonable, necessary and appropriate to the administration of these Chapter 11 Cases and related matters.

43.     Many of the services performed with respect to the Conflict Matters were provided by Katten's Insolvency and Restructuring Group.  Katten has a prominent practice in this area and enjoys a national and international reputation for its expertise in financial reorganizations and restructurings of distressed companies.  The attorneys at Katten who provided professional services to the Debtor in these Chapter 11 Cases have represented debtors, creditors' committees, or have acted as special counsel in many large chapter 11 cases.

44.     The circumstances of these Chapter 11 Cases required Katten attorneys and paraprofessionals to perform services for, or on behalf of, the Debtor with respect to the Conflict Matters on tight time constraints.  Katten diligently rendered these services to meet such constraints, respond to inquiries from various parties-in-interest on a timely basis, and satisfy the demands of the Debtor's business to ensure the orderly administration of these Chapter 11 Cases.

**B.** **Reasonable and Necessary Expenses Incurred by Katten in Providing Services to the Debtor, at the Direction of the Special Committee, During the Fee Period.**

45.     The actual expenses incurred in providing professional services were necessary, reasonable and justified under the circumstances to serve the needs of the Debtor in these Chapter 11 Cases.

## KATTEN'S REQUESTED COMPENSATION AND
## REIMBURSEMENT SHOULD BE ALLOWED

46.     Section 331 of the Bankruptcy Code provides for interim compensation of

professionals and incorporates the substantive standards of section 330 of the Bankruptcy

Code that govern the Court's award of such compensation.  Section 330 of the Bankruptcy

Code provides that a court may award a professional employed under section 327 of the

Bankruptcy Code "reasonable compensation for actual, necessary services rendered . . . and

reimbursement for actual, necessary expenses."  11 U.S.C. § 330(a)(1).

47.     Section 330 also sets forth the criteria for the award of such compensation

and reimbursement:

> In determining the amount of reasonable compensation to be
> awarded, the court should consider the nature, extent, and the
> value of such services, taking into account all relevant
> factors, including —
>
> (a)     the time spent on such services;
>
> (b)     the rates charged for such services;
>
> (c)     whether the services were necessary to
>         the administration of, or beneficial at
>         the time at which the service was
>         rendered toward the completion of, a
>         case under this title;
>
> (d)     whether the services were performed
>         within a reasonable amount of time
>         commensurate with the complexity,
>         importance, and nature of the problem,
>         issue, or task addressed; and
>
> (e)     whether the compensation is
>         reasonable based on the customary
>         compensation charged by comparably
>         skilled practitioners in cases other than
>         cases under this title.

11 U.S.C. § 330(a)(3).

48.     In the instant Chapter 11 Cases, Katten respectfully submits that the services for which it seeks compensation and the expenditures for which it seeks reimbursement in this Final Fee Application were necessary for, and beneficial to, the Debtor and its estate, and were rendered to protect and preserve the Debtor's estate.  Katten worked diligently to anticipate or respond to the Debtor's needs and to assist in these Chapter 11 Cases.  Katten's services and expenditures were necessary to, and in the best interests of, the Debtor's estate and creditors.  Katten submits further that the services its professionals and paraprofessionals provided to the Debtor were performed economically, effectively and efficiently.  The services provided by Katten were consistently performed in a timely manner commensurate with the complexity, importance, novelty and nature of the issues involved.  Accordingly, Katten respectfully submits that the compensation requested herein is reasonable in light of the nature, extent and value of such services to the Debtor, its estate and all parties-in-interest.

49.     During the course of these Chapter 11 Cases, Katten's hourly billing rates for attorneys ranged from $495 to $1,150.  The hourly rates and corresponding rate structure utilized by Katten in these Chapter 11 Cases are equivalent to the hourly rates and corresponding rate structure used by Katten for restructuring, workout, bankruptcy, insolvency and comparable matters, and similar complex corporate, securities and litigation matters, whether in court or otherwise, and regardless of whether a fee application is required.  These rates and the rate structure reflect that such matters are typically national in scope and involve great complexity, high stakes and severe time pressures – all of which were present in these Chapter 11 Cases.

50.     Moreover, Katten's hourly rates are set at a level designed to compensate Katten fairly for the work of its attorneys and paraprofessionals.  Hourly rates vary with the

experience and seniority of the individuals assigned.  These hourly rates are subject to periodic adjustments to reflect economic and other conditions and are consistent with the rates charged elsewhere.

51.     In sum, Katten respectfully submits that the professional services provided by Katten on behalf of the Debtor and its estate, at the direction of the Special Committee, during these Chapter 11 Cases, were necessary and appropriate given the complexity of these Chapter 11 Cases, the time expended by Katten, the nature and extent of Katten's services provided, the value of Katten's services, and the cost of comparable services outside of bankruptcy, all of which are relevant factors set forth in section 330 of the Bankruptcy Code.  Accordingly, Katten respectfully submits that the approval of the compensation sought herein is warranted and should be approved.

## **NOTICE**

52.     The Debtor shall provide notice of this Final Fee Application on the date hereof to:  (a) the United States Bankruptcy Court for the District of Delaware, 824 North Market Street, 6th Floor, Wilmington, Delaware 19801; (b) all parties that comprise the Application Recipients, as such term is defined in the Interim Compensation Order; (c) all parties that have filed a notice of appearance with the Clerk of this Court pursuant to Bankruptcy Rule 2002 and/or requested notice of pleadings in these Chapter 11 Cases; and (d) all parties with a particularized interest in the subject matter of the Final Fee Application.

53.     Pursuant to the Interim Compensation Order, any person or party that wishes to object to the Final Fee Application must file a written objection with the Court, with a copy to Chambers, and serve it on Katten and the persons and parties identified in the foregoing paragraph, so that the written objection is actually received

**by or before 4:00 p.m. (*prevailing* Eastern Time) on October 11, 2018**, or such shorter time as the Court may hereafter order and of which you may receive subsequent notice (the "Objection Deadline").

## NO PRIOR REQUEST

54.     Other than with respect to the requests for payment in accordance with the Interim Compensation Order through Katten's Monthly Fee Statements and First Interim Fee Application, no prior application for the relief requested herein has been made to this or any other court.

*[Remainder of Page Left Intentionally Blank]*

**WHEREFORE**, Katten respectfully requests that the Court enter an order (a) awarding Katten final (i) compensation for professional and paraprofessional services provided by Katten to, or for the benefit of, the Debtor during the Fee Period in the amount of $75,754.50, and (ii) reimbursement for actual, reasonable and necessary expenses incurred by Katten during the Fee Period in the amount of $488.00; (b) authorizing and directing the Debtor to remit payment to Katten for such fees and expenses; (c) authorizing and directing the payment of any amounts previously-approved by the Court as to which payment has been withheld; and (d) granting such other relief as this Court may deem just and proper.

Dated:  September 20, 2018
        New York, New York

                                        /s/  Steven J. Reisman
                                        Steven J. Reisman (admitted *pro hac vice*)
                                        Theresa A. Foudy (admitted *pro hac vice*)
                                        **KATTEN MUCHIN ROSENMAN LLP**
                                        575 Madison Avenue
                                        New York, NY 10022-2585
                                        Telephone:     (212) 940-8800
                                        Facsimile:     (212) 940-8776
                                        Email:         sreisman@katten.com
                                                       theresa.foudy@kattenlaw.com

                                        – and –

                                        William E. Chipman, Jr. (D.E. Bar No. 3818)
                                        Mark D. Olivere (D.E. Bar No. 4291)
                                        **CHIPMAN BROWN CICERO & COLE, LLP**
                                        Hercules Plaza
                                        1313 North Market Street, Suite 5400
                                        Wilmington, Delaware 19801
                                        Telephone:     (302) 295-0191
                                        Facsimile:     (302) 295-0199
                                        Email:         chipman@chipmanbrown.com
                                                       olivere@chipmanbrown.com

                                        *Counsel for Debtor and Debtor-in-Possession*
                                        *Philadelphia Energy Solutions Refining and*
                                        *Marketing LLC*