**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| PES HOLDINGS, LLC, | ) ) ) | Case No. 18-10122 (LSS) |
| Reorganized Debtor. | ) ) ) | (Jointly Administered) **Re: Docket No. 608** |
| In re: | ) ) ) | Chapter 11 |
| NORTH YARD FINANCING, LLC, | ) ) ) | Case No. 18-10123 (LSS) |
| Reorganized Debtor. | ) ) ) | (Jointly Administered) |
| In re: | ) ) ) | Chapter 11 |
| NORTH YARD GP, LLC, | ) ) ) | Case No. 18-10124 (LSS) |
| Reorganized Debtor. | ) ) ) | (Jointly Administered) |
| In re: | ) ) ) | Chapter 11 |
| NORTH YARD LOGISTICS, L.P., | ) ) ) | Case No. 18-10125 (LSS) |
| Reorganized Debtor. | ) ) ) | (Jointly Administered) |
| In re: | ) ) ) | Chapter 11 |
| PES ADMINISTRATIVE SERVICES, LLC, | ) ) ) | Case No. 18-10126 (LSS) |
| Reorganized Debtor. | ) ) ) | (Jointly Administered) |
| In re: | ) ) ) | Chapter 11 |
| PES LOGISTICS GP, LLC, | ) ) ) | Case No. 18-10127 (LSS) |
| Reorganized Debtor. | ) ) ) | (Jointly Administered) |

| | |
|---|---|
| In re: ) | Chapter 11 |
| ) | |
| PES LOGISTICS PARTNERS, L.P., ) | Case No. 18-10128 (LSS) |
| ) | |
| Reorganized Debtor. ) | (Jointly Administered) |
| ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| PESRM HOLDINGS, LLC, ) | Case No. 18-10129 (LSS) |
| ) | |
| Reorganized Debtor. ) | (Jointly Administered) |
| ) | |
| ) | |
| In re: ) | Chapter 11 |
| ) | |
| PHILADELPHIA ENERGY SOLUTIONS ) | Case No. 18-10130 (LSS) |
| REFINING AND MARKETING LLC, ) | |
| ) | |
| Reorganized Debtor. ) | (Jointly Administered) |
| ) | |

**FINAL DECREE CLOSING THE 2018 CHAPTER 11 CASES
AND TERMINATING CERTAIN CLAIMS AND NOTICING SERVICES**

Upon the motion (the "<u>Motion</u>") of the above-captioned reorganized debtors (collectively, the "<u>Reorganized Debtors</u>") for the entry of a final decree (this "<u>Final Decree</u>")[1] closing these 2018 Chapter 11 Cases and terminating certain claims and noticing services, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the Reorganized Debtors' notice of the Motion and opportunity for a hearing on the Motion were

---

[1]    Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted.

2. The following chapter 11 cases of the Reorganized Debtors are hereby closed; *provided* that this Court shall retain jurisdiction as provided in paragraph 129 of the *Order Approving the Debtors' Disclosure Statement for and Confirming the Second Amended Joint Prepackaged Chapter 11 Plan of Reorganization of PES Holdings, LLC and Its Debtor Affiliates* [Docket No. 357] (the "Confirmation Order"):

| Debtor | Case No. |
|---|---|
| PES Holdings, LLC | 18-10122 |
| North Yard Financing, LLC | 18-10123 |
| North Yard GP, LLC | 18-10124 |
| North Yard Logistics, L.P. | 18-10125 |
| PES Administrative Services | 18-10126 |
| PES Logistics GP, LLC | 18-10127 |
| PES Logistics Partners, L.P. | 18-10128 |
| PESRM Holdings, LLC | 18-10129 |
| Philadelphia Energy Solutions Refining and Marketing LLC | 18-10130 |

3. Entry of this Final Decree is without prejudice to (a) the rights of the Reorganized Debtors or any party in interest to seek to reopen any of these 2018 Chapter 11 Cases for cause pursuant to section 350(b) of the Bankruptcy Code, and (b) the rights of the Reorganized Debtors to dispute, in an appropriate non-bankruptcy forum, all claims that were filed against the Reorganized Debtors in these 2018 Chapter 11 Cases as contemplated by the Plan and

the Confirmation Order.  Notwithstanding anything to the contrary contained in the Plan, any failure of the Reorganized Debtors to file an objection to any claim in these 2018 Chapter 11 Cases shall not constitute allowance of the claim and shall not result in such claim being deemed Allowed against any Reorganized Debtor.

4. The Reorganized Debtors shall, on or before 30 days after entry of this Final Decree:  (a) pay all fees due and payable pursuant to 28 U.S.C. § 1930(a)(6); and (b) serve copies of all post-confirmation reports on the U.S. Trustee.  Entry of this Final Decree is without prejudice to the rights of the U.S. Trustee to reopen these 2018 Chapter 11 Cases to seek appropriate relief in the event of an unresolved dispute over the payment of fees pursuant to 28 U.S.C. § 1930(a)(6) or the post-confirmation reports.

5. The Claims and Noticing Services are terminated in accordance with the Motion upon the completion of the services listed in paragraph 6 below.  Thereafter, Omni shall have no further obligations to this Court, the Debtors, the Reorganized Debtors, or any other party in interest with respect to the Claims and Noticing Services in these 2018 Chapter 11 Cases.

6. Pursuant to Local Rule 2002-1(f)(ix), within 28 days of entry of this Final Decree, Omni (or the Reorganized Debtors, as applicable) shall (a) forward to the Clerk of the Court an electronic version of all imaged claims, (b) upload the creditor mailing list into CM/ECF, and (c) docket a Final Claims Register (if any) in the lead case containing claims of all cases.  Omni shall box and transport all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, Pennsylvania 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.  In addition to the foregoing, pursuant to Local Rule 2002-1(f)(xii), Omni shall docket a Final Claims Register (if any) in each jointly-administered case containing the claims of only that specific case.

7. Should Omni receive any mail regarding the Reorganized Debtors or the Debtors after entry of this Final Decree, Omni shall collect and forward such mail no less frequently than monthly to the Reorganized Debtors.

8. The Reorganized Debtors and their agents are authorized to take all actions necessary to effectuate the relief granted pursuant to this Final Decree in accordance with the Motion.

9. Notwithstanding anything to the contrary, the terms and conditions of this Final Decree shall be immediately effective and enforceable upon its entry.

10. Notwithstanding the relief granted in this Final Decree and any actions taken pursuant to such relief, nothing in this Final Decree shall be deemed: (a) an admission as to the amount of, basis for, or validity of any claim against the Debtors or the Reorganized Debtors under the Bankruptcy Code or other applicable nonbankruptcy law; (b) a waiver of the rights of the Debtors, the Reorganized Debtors, or any other parties in interest to dispute any claim on any grounds; (c) a promise or requirement to pay any prepetition claim; (d) an assumption, adoption, or rejection of any agreement, contract, or lease under section 365 of the Bankruptcy Code; (e) an admission as to the validity, enforceability, or perfection of any lien on, security interest in, or other encumbrance on property of the Debtors' or the Reorganized Debtors' estates; (f) a waiver of any claims or causes of action which may exist against any entity; or (g) a waiver or limitation of the rights of the Debtors, the Reorganized Debtors, or any other parties in interest under the Bankruptcy Code or any other applicable law.

11. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation, and/or enforcement of this Final Decree.

**Dated: March 25th, 2020**       **LAURIE SELBER SILVERSTEIN**
**Wilmington, Delaware**          **UNITED STATES BANKRUPTCY JUDGE**